IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER LORENZO RUMMANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02046-M-BT |
| | § | |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR REPERFORMING LOAN TRUST 2005-2, SPECIALIZED LOAN SERVICING, LLC, and NORTHSKY LLC, | § § § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Northsky, LLC has filed a Motion to Dismiss (ECF No. 9) this removed civil action arising out of a disputed foreclosure. For the reasons set forth in this recommendation, the Court should DENY the Motion.

**Background**

According to the live pleading, Plaintiff Lester Rummans and his late wife purchased a home in Grand Prairie, Texas (the "Property"), on or around June 6, 2002. Am. Compl. 2–3 (ECF No. 8). At the time, Rummans was in the U.S. Army Reserve and qualified for a Department of Veteran's Affairs (VA) loan. *Id.* at 3 (ECF No. 8). Approximately one year later, he and his wife refinanced their loan and executed a Note payable to Mortgage Resource Group, LLC of OK d/b/a City Mortgage Group LC (City Mortgage) and a Deed of Trust to secure payment of the

1

Note. *Id.* at 3 (ECF No. 8). Thereafter, City Mortgage assigned the loan to HSBC Bank USA (HSBC), and Specialized Loan Servicing, LLC (SLS) began servicing the loan. *Id.* (ECF No. 8).

Rummans returned to active duty and served in Iraq and Afghanistan. *Id.* (ECF No. 8). He retired from the Army Reserve on December 5, 2020. *Id.* (ECF No. 8).

On July 5, 2022, HSBC and SLS conducted a foreclosure sale and sold Rummans's home to Northsky. *Id.* (ECF No. 8); *id.* at Ex. 5, p. 1 (ECF No. 8-5). Rummans, however, remained in possession of the Property.[1] *Id.* at 2 (ECF No. 8). Approximately three months later, Rummans filed his complaint in Texas state court. Not. Removal Exs. 8–24 (ECF No. 1-1). HSBC and SLS, with Northsky's consent, timely removed the action to this Court on the basis of federal question jurisdiction. *Id.* at 3 (ECF No. 1); *id.* at Exs. 71 (ECF No. 1-1).

By his lawsuit, Rummans seeks to set aside the foreclosure sale and cancel the trustee's deed on grounds that HSBC and SLS breached the terms of the Deed of Trust by failing to comply with the Servicemembers Civil Relief Act (SCRA) and the VA Servicing Guidelines, which are incorporated into the Deed of Trust. *See generally* Am. Compl. (ECF No. 8). He also seeks damages from HSBC and SLS for alleged violations of the Texas Debt Collections Act (TDCA). *Id.* at 6–9. (ECF

---

[1] In his Response to Northsky's Motion to Dismiss, Rummans states that Northsky filed a forcible detainer suit against him, and the Justice Court entered a judgment in Northsky's favor, but Rummans appealed. MTD Resp. 3 (ECF No. 13).

No. 8). Rummans further asserts claims against Northsky for quiet title and trespass to try title. *Id.* at 11–13 (ECF No. 8).

In response, Northsky timely filed a Motion to Dismiss. Mot. Dismiss (ECF No. 9). Rummans responded to the Motion, MTD Resp. (ECF No. 14), and Northsky filed its Reply, MTD Reply (ECF No. 16). The Motion is ripe and ready for determination.

**Legal Standards**

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). Thus, to survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

Northsky characterizes Rummans's claims against it as a claim for wrongful foreclosure and argues that this claim fails because (i) Rummans did not plead a grossly inadequate foreclosure price; (ii) Rummans is still in possession of the Property, and (iii) Rummans did not tender the full amount due under the Note. Mot. Dismiss 5 (ECF No. 9). Northsky further contends that Rummans fails to state a claim for quiet title or trespass to try title because he failed to "meet the burden to plead facts disproving Northsky's bona fide purchaser status, which is dispositive." *Id*. at 6–7 (ECF No. 9). And, because Rummans has already amended his complaint, Northsky seeks dismissal with prejudice. *Id*. at 10 (ECF No. 9).

A. <u>Northsky is not entitled to dismissal of any claim for wrongful foreclosure because Rummans does not assert such a claim.</u>

Rummans rejects Northsky's characterization of his claim as one for wrongful foreclosure. Indeed, he acknowledges that he "does not seek relief from

4

such a legal theory" because he is still in possession of the Property and, thus, "any wrongful foreclosure claim would be premature." MTD Resp. 8 (ECF No. 14). He explains that his claim is that HSBC and SLS breached the terms of the Deed of Trust, and that this breach gives rise to an equitable cause of action for return of the Property. *Id.* at 8–10 (ECF No. 14). Rummans insists that his claim against Northsky is for quiet title and trespass to try title.

Because Rummans is the master of his Complaint, the Court should not accept Northsky's characterization of Rummans's claim in a manner that contravenes his express statements. The Court should deny Northsky's Motion to the extent it seeks dismissal of a claim for wrongful foreclosure. Rummans has not pleaded a claim for wrongful foreclosure.

B. <u>Northsky is not entitled to dismissal of Rummans's claims for quiet title or trespass to try title based on any failure to plead facts disproving Northsky's bona fide purchaser status.</u>

Northsky further asserts that it is a bona fide purchaser of the Property and that Rummans fails to state a claim for quiet title or trespass to try title because he failed to plead facts disproving Northsky's bona fide purchaser status. Mot. Dismiss 6–7 (ECF No. 9).

"Status as a bona fide purchaser is an affirmative defense to a title dispute." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). Under Texas law, to be a bona fide purchaser, "one must acquire property in good faith, for value, and without notice of any third-party claim or interest." *Id.* And although bona fide purchaser status is an affirmative defense, a party claiming title—here,

5

Rummans—has the burden to prove that a subsequent purchaser is not a bona fide purchaser. *See Bank of Am. v. Babu*, 340 S.W.3d 917, 923 (Tex. App.—Dallas 2011, pet. denied) ("A party claiming title through principles of equity has the burden of proving that a subsequent purchaser was not a good faith purchaser."); *see also Noble Mortg. & Invs., LLC v. D & M Vision Invs.*, LLC, 340 S.W.3d 65, 76 (Tex. App. —Houston [1st Dist.] 2011, no pet.) ("In a contest between the owner of an equitable right of title and the holder of legal title . . . the burden of proof as to good faith and consideration is upon the party asserting the equitable right and not upon the subsequent purchaser of legal title."). But a plaintiff generally is not required to plead—in the complaint—facts that negate an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, the burden falls upon the defendant to allege facts in its answer to support the affirmative defense. *See Ocwen Loan Servicing, LLC v. Gonzalez Fin. Holdings, Inc.*, 77 F. Supp. 3d 584, 597 (S.D. Tex. 2015), *aff'd sub nom. Ocwen Loan Servicing, L.L.C. v. Moss*, 628 F. App'x 327 (5th Cir. 2016) (observing status as a bona fide purchaser is an affirmative defense that must be pleaded in a title dispute under Texas law).

The cases on which Northsky relies for the proposition that Rummans has the burden to *plead* facts that would demonstrate it is not a bona fide purchaser are inapposite because they address the burden of proof under state law and not the pleading standard under Rule 8. *See Babu*, 340 S.W.3d at 923 ("A party claiming title through principles of equity has the *burden of proving* that a subsequent purchaser was not a good faith purchaser.") (emphasis added); *Noble*

6

*Mortg. & Investments,* 340 S.W.3d at 76 ("In a contest between the owner of an equitable right of title and the holder of legal title . . . *the burden of proof* as to good faith and consideration is upon the party asserting the equitable right and not upon the subsequent purchaser of legal title.") (emphasis added).

Northsky is not entitled to dismissal of Rummans's claims under Rule 12(b)(6) for failure to plead facts disproving Northsky's alleged bona fide purchaser status. Therefore, the Court should deny Northsky's Motion on this ground.

C. Taking the allegations in the First Amended Complaint as true and viewing them in the light most favorable to Rummans, the Court should find that Rummans has stated claims for quiet title and trespass to try title that are plausible on their face.

A suit to quiet title is an equitable remedy to remove a cloud on a party's title to property, "traditionally one in which the superior title holder seeks to remove a challenge to that title." *Brumley v. McDuff*, 616 S.W.3d 826, 835 (Tex. 2021). Under Texas law, the elements of an action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Rhodes v. Kelly*, 2017 WL 2774452, at *10 (Tex. App.—Dallas June 27, 2017, pet. denied); *Cook-Bell v. Mortg. Elec. Reg. Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). To prevail on a claim to quiet title, a plaintiff must rely on the strength of his own title, not the weakness of the adversary's title. *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 358 (5th Cir. 2013) (per curiam) (citing *Katz v. Rodriguez*,

7

563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ. ref'd n.r.e.)); *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 715 (5th Cir. 1951).

By contrast, an action in trespass to try title "is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001(a). In other words, a trespass to try title suit seeks "to recover the possession of land unlawfully withheld from the owner and to which [s]he has the right of immediate possession." *See Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.). To prevail on a trespass to try title claim, a plaintiff must establish (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitations; or (4) title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004), *superseded on other grounds by* Tex. Civ. Prac. & Rem. Code § 37.004(c). As with a suit to quiet title, to succeed in a suit for trespass to try title, "the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 235 (citing *Hejl v. Wirth*, 343 S.W.2d 226, 226 (Tex. 1961)).

In his First Amended Complaint, Rummans alleges that he has an interest in the Property; that is, the Property is his home; he previously obtained title to the Property through a Special Warranty deed; and he currently resides at the Property. *See* Am. Compl. 2, 3, 12 (ECF No. 8). He alleges that title to the property is affected by a claim by the Defendant—i.e., that Northsky claims legal title to the Property by virtue of a Foreclosure Deed it obtained through a void foreclosure

8

sale. *See id.* at 12 (ECF No. 8). He further sets forth facts to support his allegation that the foreclosure sale could not have passed title to Northsky and that he still holds valid title—HSBC and SLS breached the terms of the Deed of Trust by failing to comply with the SCRA and the VA Servicing Guidelines, which are incorporated into the Deed of Trust. *See id.* at 4–5, 12 (ECF No. 8); *id.* at Ex. 3 (ECF No. 8-3). Specifically, Rummans alleges that HSBC and SLS breached their obligation under the SCRA to obtain a court order prior to foreclosure, *id.* at 4–5 (ECF No. 8), and their obligations under the VA Servicing Guidelines to provide a realistic and mutually satisfactory arrangement for curing his default. *Id.* at 5 (ECF No. 8). These allegations, taken as true and viewed in the light most favorable to Rummans, state plausible claims for quiet title and trespass to try title.

Northsky argues that Rummans's allegation that the foreclosure was improper because it was conducted in violation of the SCRA and the VA Servicing Guidelines is not sufficient to state a claim because it relies on the weakness of Northsky's title. However, a plaintiff may demonstrate proof of superior title by showing the other party's title was improperly obtained and the plaintiff had valid title. *See Wilkerson v. Citimortgage, Inc.*, 2011 WL 6937382, at *9 (N.D. Tex. Oct. 24, 2011), *rec. adopted*, 2012 WL 11039 (N.D. Tex. Jan. 3, 2012) (citations omitted). Here, Rummans alleges that the foreclosure sale to Northsky was void, and that he has superior title to the Property. *See* Am. Compl. 12 (ECF No. 8). This is sufficient to withstand Northsky's Rule 12(b)(6) motion to dismiss. *See Jones v. Bank of Am., N.A.*, 2012 WL 13028135, at *13 (N.D. Tex. July 30, 2012) ("With an

9

allegedly illegal act which may render the foreclosure void, Plaintiffs' have alleged right, title, or ownership in themselves with sufficient certainty to enable the court to see they have a right of ownership that will warrant judicial interference." (cleaned up)).

## Recommendation

For the reasons stated, the Court should DENY Northsky's Motion to Dismiss (ECF No. 9) and order Northsky to file an answer to Rummans's First Amended Complaint.

**SO RECOMMENDED**.

September 1, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).